UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mary Mallard-Alonzeau, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Michael J. Astrue, )<br>Commissioner of Social Security, )<br>Defendant. )<br>_____ ) | C/A No. 6:08-3813-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court for a review of Magistrate Judge Catoe's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(a), D.S.C. filed December 16, 2009. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits (DIB). The magistrate recommends reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and awarding benefits to Plaintiff. For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is also charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and

this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Defendant filed objections on December 23, 2009.

Defendant states that the Administrative Law Judge (ALJ) specifically noted Plaintiff's depression by mentioning Dr. Waid's report and Plaintiff's testimony. Defendant also states that the ALJ discussed evidence pertaining to Plaintiff's obesity, degenerative disc disease, degenerative joint disease, chronic back pain, and depression, but found nothing equaling a Listing. Finally, Defendant argues that the ALJ specifically cited to 20 C.F.R. § 404.1527 in evaluating the medical course opinions and found that the only physician of record who found that Plaintiff had limitations only saw Plaintiff once prior to rendering his opinion. Defendant argues that all of this goes to show that, contrary to the magistrate's contention, substantial evidence exists to support Plaintiff's depression, combination of impairments, and medical opinion evidence. This Court disagrees.

First, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "It consists of more than a mere scintilla of evidence, but may be

somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Although this Court does not make credibility assessments, it is empowered to review the ALJ's decisions for substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). The ALJ never addresses Plaintiff's depression, beyond a mention in the facts that Dr. Waid and Plaintiff herself spoke of depression. It is hard to see how this can withstand the substantial evidence standard when the ALJ never applies the facts to the law. Additionally, as mentioned by the magistrate, Defendant's arguments are post-hoc rationalizations not offered by the ALJ and as such, Defendant cannot use grounds not given by the ALJ in support of a decision. (Mag. Rep. and Recomm. at 18.) The ALJ must "adequately explain his or her evaluation of the combined efforts of the impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). In this matter, the ALJ did not provide any rationale for overlooking the plaintiff's depression, finding severe impairments for multiple issues, but only addressing a subset of those impairments in support of his statement that nothing met the listed impairment requirement. Therefore, this objection is overruled.

Defendant's second objection argues that remand, not reversal for payment of benefits, is the appropriate disposition for this case. Defendant cites numerous cases that find remand appropriate from various circuits. Under the Social Security Act, a district court has the authority to reverse a final decision of the Commissioner with or without remanding the case to the SSA for further administrative proceedings. *See* 42 U.S.C. § 405(g). One of the factors that a district court can consider is the effect

the remand would have on delaying the ultimate receipt of benefits by a seemingly deserving claimant. *See, e.g.*, *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (finding that where case had been pending in the agency and courts for five years and had been remanded once before for additional evidence, reversal without remand was warranted); *Caldwell v. Sullivan*, 736 F.Supp 1076 (D. Kan. 1990) (finding that a remand would serve only to delay unnecessarily the receipt of benefits in view of the evidence in the record favorable to the claimant). Given that the district court has discretion in this instance, this Court finds it appropriate to reverse the Commissioner's decision, as this case has been percolating in the system for seven years with no final disposition. Defendant's objection is overruled.

After a review of Defendant's motion and the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law, and substantial evidence supports the magistrate's findings and conclusions. Accordingly, this Court accepts and adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision is REVERSED, and benefits are awarded to Plaintiff.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

January   27  , 2010
Anderson, South Carolina